**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**Tallahassee Division**

| | |
|---|---|
| CHRISTOPHER VILLANUEVA,      ) | |
|                    ) | |
|    Plaintiff,             ) | |
|                    ) | |
| vs.                   ) | Case No. 4:14-cv-00142-RH-CAS |
|                    ) | |
| MICHAEL D. CREWS, in his   ) | |
| official capacity as Secretary of the  ) | |
| Florida Department Corrections;  ) | |
| CORIZON, LLC, an out of state  ) | |
| corporation registered and doing business  ) | |
| in Florida; and WILLIAM NIELDS, in his  ) | |
| individual capacity,         ) | |
|                    ) | |
|    Defendants.           ) | |

**PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENT**

**and**

**REQUEST FOR ATTORNEYS' FEES**

Plaintiff, by and through undersigned counsel, hereby files this Motion to Enforce the Settlement Agreement that the parties recently entered. Although the parties reached a signed Settlement Agreement which this Court retained jurisdiction to enforce, Defendants have failed to pay Plaintiff within 30 days as required by the Agreement. Thus, Plaintiff respectfully requests this Court to order Defendants to comply with the agreement they entered, pay Plaintiff the settlement amount, and award Plaintiff his attorneys' fees and costs for filing this motion.

{07104871;2}

**Statement of Facts**

1.     On September 18, 2014, the parties reached a Settlement Agreement after mediation (DE 66-1).   The Agreement required Defendants to pay $100,000 to Plaintiff's counsel's trust account within 30 days of the date the agreement was signed.  *Id.*  The Agreement also required the parties to execute releases to implement the Agreement.  *Id.*

2.     On September 19, 2014, this Court dismissed the case, ordered the parties to comply with the Settlement Agreement, and retained jurisdiction to enforce that order (DE 64). The Clerk entered a Judgment to that effect (DE 65).

3.     On October 9, 2014, Plaintiff complied with his obligation under the Agreement by signing Defendants' chosen release and returning it to Defendants with a W-9 Form.

4.     The 30 days elapsed on October 18, 2014, but to date, Defendants have not paid the settlement amount.

5.     **Certificate of Conference**.  Defendants Corizon and Crews oppose the Motion on the basis that the Court must first rule on its pending Motion to Alter or Amend the Judgment Pursuant to Rule 59(e), or in the alternative, to Vacate the Settlement Agreement.   DE 66. Defendant Nields has not yet responded.  However, it should be noted that DE 66 was not filed by Defendant Nields.

**Memorandum of Law**

This Court has jurisdiction to enforce the terms of the parties' Settlement Agreement, as an Order was entered requiring compliance with the Agreement, and jurisdiction was explicitly retained to enforce it.  *See Smalbein ex rel. Estate of Smalbein v. City of Daytona Beach*, 353 F.3d 901, 905 (11th Cir. 2003) ("The Supreme Court has also held that a federal court may have

jurisdiction to enforce the terms of a private settlement agreement where a court has embodied the agreement in a dismissal order or has specially retained jurisdiction over it."). Plaintiff has complied with his end of the bargain by tendering the signed release of Defendants' choosing, along with a signed W-9 Form. Defendants, however, have clearly breached the Agreement by failing to make the required settlement payment within 30 days, and have not indicated that they intend to make such payment shortly. Plaintiff is entitled to the benefit of the bargain struck with Defendants, but Defendants are not living up to it.

Further, Plaintiff is entitled to attorneys' fees and costs for any work that is "relevant to the rights established by the decree and related to the terms of the judgment." *Sierra Club v. Hankinson*, 351 F.3d 1358, 1361 (11th Cir. 2003). *See also Pennsylvania v. Delaware Valley Citizens' Council for Clean Air,* 478 U.S. 546, 558-559 (1986). Should this request be granted, Plaintiff will submit affidavits indicating the time spent on this motion and his attorneys' reasonable hourly rates.

WHEREFORE Plaintiff respectfully requests this Court to order Defendants to immediately tender payment in the amount of $100,000, and award Plaintiff his attorneys' fees and costs incurred in filing this motion.

Respectfully submitted,

Randall C. Berg, Jr., Esq.
Fla. Bar No. 0318371
E-mail: *RBerg@FloridaJusticeInstitute.org*
Dante P. Trevisani, Esq.
Florida Bar No. 72912
E-mail: *DTrevisani@FloridaJusticeInstitute.org*

Florida Justice Institute, Inc.
100 S.E. 2nd Street

3750 Miami Tower
Miami, Florida 33131-2309
305-358-2081
305-358-0910 (FAX)

By:    *s/Randall C. Berg, Jr.*
            Randall C. Berg, Jr., Esq.

Attorneys for the Plaintiffs

**Certificate of Service**

I HEREBY CERTIFY that on October 22, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By:    *s/Randall C. Berg, Jr.*
            Randall C. Berg, Jr., Esq

**Service List**

**By CM/ECF**

Susan Maher, Esq.
Susan.Maher@myfloridalegal.com
David Grimes, Esq.
David.Grimes@myfloridalegal.com
Lisa Kuhlman Tietig, Esq.
Lisa.tietig@myfloridalegal.com
Office of the Attorney General
PL-01, The Capitol
Tallahassee, FL  32399-1050

{07104871;2}-4-

Counsel for Defendants Michael D. Crews

Gregg A. Toomey, Esq.
The Toomey Law Firm
The Old Robb & Stucky Bldg.
1624 Hendry Street
Suite 203
Ft. Myers, FL  33901
239.337.1630 – Tel
gat@thetoomeylawfirm.com

Counsel for Defendant Corizon, LLC

Lance Neff, Esq.
Jolly & Peterson, P.A.
PO Box 37400
Tallahassee, FL 32315
850-422-0282
len@jollylaw.com

Counsel for Defendant Nields